No. 23383.

ARTHUR C. THOMAS *v.* ARTHUR J. HYSOM.
(446 P.2d 911)

Decided November 12, 1968.

ALFRED Z. CRADDOCK, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THE parties will be referred to by name. Hysom commenced an action against Thomas on August 21, 1963, and a money judgment was entered by default in favor of Hysom on October 9, 1963.

On May 13, 1963, Thomas was the owner of real estate in Custer county which had a value in excess of $5,000. On that date he caused to be made a marginal entry of homestead exemption on the real estate, notwithstanding that at that time he was a single person having previously secured a divorce from his former wife. Thereafter, and on January 13, 1964, Thomas remarried and he and his new wife have occupied the real estate above mentioned as their home.

On January 28, 1964 — fifteen days after the marriage of Thomas — execution issued upon the judgment which Hysom had obtained against Thomas and the sheriff levied on the real estate occupied by Thomas and his wife. After service of the notice of levy upon him Thomas filed with the trial court his claim of exemption, in compliance with C.R.S. 1963, 77-4-1. The trial court held a hearing on the exemption claimed by Thomas and at the conclusion thereof ruled:

"* * * that on May 31, 1963, the defendant (Thomas) was not married and was not the head of a household, so that his attempted claim of homestead exemption was void and that the same did not become a valid homestead exemption when he entered into a marriage relationship on January 13, 1964."

The exemption claim of Thomas was rejected by the trial court. He is here on writ of error seeking reversal of the judgment on the sole ground that the trial court, "* * * erred in holding that the homestead exemption of Thomas was void." Counsel for Thomas argued that: "Thomas takes the position that from May 31, 1963, the date of his marginal entry of homestead exemption, until January 13, 1964, the date of his marriage, his claim of homestead exemption was merely voidable and that his marriage on January 13, 1964, prior to the execution

and levy by Hysom on his real property, cured the defect theretofore existing and rendered his homestead exemption valid."

■ We hold that the marginal entry made by Thomas on May 31, 1963, purporting to claim a homestead exemption, was ineffectual for any purpose. Our statute, C.R.S. 1963, 77-3-1, provides that:

"Every householder in the state of Colorado, being the head of a family shall be entitled to a homestead not exceeding in value the sum of five thousand dollars, exempt from execution and attachment, arising from any debt, contract or civil obligation, entered into or incurred after the effective date of this section."

■ It necessarily follows that one who is not a "householder in the state of Colorado, being the head of a family" cannot assert any exemption under the statute, and cannot claim exemption benefits based upon any act performed by him at a time when he was not eligible to claim exemption rights. The trial court ruled correctly.

The judgment is affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY not participating.